

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# GREAT FALLS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR-08-39-GF-SEH |
| | ) | |
| Plaintiff/Respondent, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| BRICE HUTTINGER, | ) | |
| | ) | |
| Defendant/Movant. | ) | |
| | ) | |

On February 22, 2010, Defendant/Movant Brice Huttinger (Huttinger) moved to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Huttinger is a federal prisoner proceeding *pro se.*

An Amended Motion was filed on April 12, 2010. In addition, on April 14, 2010, the United States District Court for the District of Maryland transferred a § 2255 motion filed by Huttinger to this Court. Supp. (Doc. 56). Both documents have been considered.

## BACKGROUND

Huttinger was indicted on April 7, 2008, for being a felon in possession of a weapon in violation of 18 U.S.C. § 922(g)(1) (Count 1), and for distribution of marijuana in violation of 21 U.S.C. § 841(a)(1) (Count 2). Count 1 of the Indictment also cited 18 U.S.C. § 924(e), commonly known as the "Armed Career Criminal Act." Indictment (Doc. 1) at 1-2; United States v. Rodriquez, 553 U.S. 377, 380 (2008). A plea agreement was filed. Huttinger pled guilty to Count 1, and the United States dismissed Count 2. Plea Agreement (Doc. 24) at 2 ¶¶ 4-5; Minutes (Doc. 27). He was sentenced to serve 210 months in prison, followed by a five-year term of supervised release, based on a total offense level of 30 and a criminal history category of VI. Minutes (Doc. 36); Sentencing Tr. (Doc. 43) at 5:18-22; Judgment (Doc. 37) at 2-3.

## ANALYSIS

Huttinger alleges counsel was ineffective at sentencing in three respects. None has merit.

Strickland v. Washington, 466 U.S. 668 (1984), sets the standards for claims of ineffective assistance of counsel. First, Huttinger must show that counsel's performance fell below an objective standard of reasonableness. Id. at 687-88. Second, he must show that he was prejudiced by counsel's errors. Id. at 693. Under the first prong, counsel's performance need not be perfect. It must, however, fall

2

"within the range of competence demanded of attorneys in criminal cases." McMann v. Richardson, 397 U.S. 759, 771 (1970). To demonstrate prejudice Huttinger must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

### A. Multiple Gun Charges

Huttinger claims his sentence was affected by a misstatement at sentencing that he had "multiple gun charges." Am. Mot. (Doc. 55) at 4 ¶ 12A; see also Supp. (Doc. 56) at 5 ¶ 14A. The statement was, "You have multiple prior convictions, guns, drugs, assaults, including assault on a police officer." Sentencing Tr. (Doc. 43) at 12:4-6; see also Resp. Br. of United States at 5, Huttinger, No. 09-30006 (9th Cir. June 3, 2009). While Huttinger was not previously convicted of a firearms offense, the statement is correct in substance. Though he did not use guns, he twice used knives as weapons. Presentence Report at 10 ¶ 36, 13 ¶ 39. Neither prong of the Strickland test is met. This claim is denied.

### B. Jurisdiction

Huttinger complains that his attorney should have challenged federal jurisdiction because the State would have given him a five-year sentence and because the State did not "exhaust all remedies before turning case over to federal"

3

authorities. Supp. at 5 ¶ 14B; see also Am. Mot. at 4 ¶ 15B. No law requires states to exhaust their remedies before federal authorities may prosecute. Federal jurisdiction was established by 18 U.S.C. § 3231. Neither Strickland prong is met. This claim is denied.

### C. 1995 Assault

Huttinger contends that one of his convictions was too old to support his designation as a career offender. Supp. at 5 ¶ 14C. The age of the conviction is not relevant under 18 U.S.C. § 924(e). United States v. Keesee, 358 F.3d 1217, 1220-21 (9th Cir. 2004). Under the advisory sentencing guidelines, the criminal history category would have been VI under U.S.S.G. § 4B1.4(c)(2), even if Huttinger's convictions had not been individually scored. Again, neither Strickland prong is met. All of Huttinger's claims are denied.

## CERTIFICATE OF APPEALABILITY

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). None of the errors alleged by Huttinger had any effect at all on his sentence. Because he cannot show prejudice, he cannot "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). A certificate is not warranted.

ORDERED:

1. Huttinger's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Docs. 55, 56) is DENIED;

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Huttinger files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV-10-11-GF-SEH are terminated and shall close the civil file by entering judgment in favor of the United States and against Huttinger.

DATED this 25th day of May, 2010.

*/s/ Sam E. Haddon*
SAM E. HADDON
United States District Judge