FILED
GREAT FALLS DIV.
2011 MAR 28 PM 2 45
PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cause No. CR 08-39-GF-SEH |
| | ) | CV 11-19-GF-SEH |
| Plaintiff/Respondent, | ) | |
| | ) | |
| vs. | ) | ORDER DISMISSING MOTION AND |
| | ) | DENYING CERTIFICATE OF |
| BRICE HUTTINGER, | ) | APPEALABILITY |
| | ) | |
| Defendant/Movant. | ) | |

On March 25, 2011, Defendant/Movant Brice Huttinger filed a motion seeking to correct his sentence. Huttinger is a federal prisoner proceeding pro se.

Huttinger previously filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on February 22, 2010. The motion and a certificate of appealability were denied on May 25, 2010 (doc. 57). On December 20, 2010, the Ninth Circuit Court of Appeals denied a certificate of appealability. United States v. Huttinger, No. 10-35517 (9th Cir. Dec. 20, 2010) (doc. 60).

Huttinger does not style his new motion as a § 2255 motion, but that is what it is. There is no basis for reducing his sentence under 18 U.S.C. § 3582. The only

1

appropriate procedural vehicle for Huttinger's challenge to his sentence is a § 2255 motion. Carrington v. United States, 503 F.3d 888, 890-91 (9th Cir. 2007); Matus-Leva v. United States, 287 F.3d 758, 760-61 (9th Cir. 2002). A pro se litigant's motion may be recharacterized as a *second* § 2255 motion without prior notice. Castro v. United States, 540 U.S. 375, 377 (2003) (requiring notice as to a first § 2255 motion). Huttinger's motion is so recharacterized.

Because Huttinger has already filed a § 2255 motion, this Court lacks jurisdiction to consider a second one without prior authorization from the Court of Appeals. 28 U.S.C. §§ 2255(h), 2244(b); Burton v. Stewart, 549 U.S. 147, 149 (2007) (per curiam).

A certificate of appealability is not warranted. The procedural law is clear, Slack v. McDaniel, 529 U.S. 473, 484 (2000), and, as for a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), there was no error in Huttinger's sentence, 18 U.S.C. §§ 922(g)(1), 924(e)(1), 3583(a), (b)(1); United States v. Bland, 961 F.2d 123, 128 (9th Cir. 1992); see also Order Denying § 2255 Mot. (doc. 57) at 3.

Finally, because Huttinger's motion is frivolous, transfer to the Court of Appeals is not in the interest of justice. 28 U.S.C. § 1631.

**ORDERED:**

1. Huttinger's motion seeking correction of his sentence (doc. 61) is RECHARACTERIZED as a second motion under 28 U.S.C. § 2255 motion and is DISMISSED for lack of jurisdiction.

2. A certificate of appealability is DENIED.

3. The Clerk of Court is directed to enter, by separate document, a judgment of dismissal in Cause No. CV 11-19-GF-SEH.

DATED this 28th day of March, 2011.

Sam E. Haddon
United States District Judge

3