

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRICE HUTTINGER,<br><br>Defendant. | CR 08-39-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Brice Huttinger (Huttinger) has been accused of violating the conditions of his supervised release. Huttinger admitted the alleged violation. Huttinger's supervised release should be revoked. Huttinger should be placed in custody for 4 months, with no supervised release to follow.

## II. Status

Huttinger pleaded guilty to being a Felon in Possession of a Firearm on September 9, 2008. (Doc. 27). The Court sentenced Huttinger to 210 months of custody, followed by 5 years of supervised release. (Doc. 37). Huttinger's current term of supervised release began on September 11, 2017. (Doc. 108 at 1).

**Petition**

The United States Probation Office filed a Petition on February 25, 2020, requesting that the Court revoke Huttinger's supervised release. (Doc. 108). The Petition alleged that Huttinger had violated the conditions of his supervised release by using methamphetamine.

**Initial appearance**

Huttinger appeared before the undersigned for his initial appearance on March 2, 2020. Huttinger was represented by counsel. Huttinger stated that he had read the Petition and that he understood the allegations. Huttinger waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on March 2, 2020. Huttinger admitted that he had violated the conditions of his supervised release by using methamphetamine. The violation is serious and warrants revocation of Huttinger's supervised release.

Huttinger's violation is a Grade C violation. Huttinger's criminal history category is VI. Huttinger's underlying offense is a Class C felony. Huttinger could be incarcerated for up to 24 months. Huttinger could be ordered to remain

on supervised release for up to 36 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 8 to 14 months.

### III. Analysis

Huttinger's supervised release should be revoked. Huttinger should be incarcerated for 4 months, with no supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Huttinger that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Huttinger of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Huttinger that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Huttinger stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before Judge Morris.

The Court **FINDS:**

> That Brice Huttinger violated the conditions of his supervised release by using methamphetamine.

3

The Court **RECOMMENDS**:

That the District Court revoke Huttinger's supervised release and commit Huttinger to the custody of the United States Bureau of Prisons for 4 months, with no supervised release to follow.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 3rd day of March, 2020.

John Johnston
United States Magistrate Judge